IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS R. POWELL,<br><br>    Defendant. | Case No. 3:18-CR-30042-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are seven Motions in Limine filed by the United States (Docs. 76, 77, 78, 82, 164, 165, and 166) and three Motions in Limine filed by Defendant Carlos R. Powell ("Powell") (Docs. 119, 120, 122). For the reasons set forth below, the Court grants in part and denies in part the motions.

**I.    Motion in Limine Regarding Potential Sentence (Doc. 76)**

The United States seeks to prohibit any introduction by Powell of any evidence, information, or argument before the jury regarding the statutory penalty ranges that he faces if convicted (Doc. 76).

   A.  *Applicable Law*

The Seventh Circuit first held in *United States v. Johnson*, 502 F.2d 1373, 1377–78 (7th Cir. 1974), that a jury should not be informed of the mandatory penalty carried by a charge unless the issue of sentencing is related to the question presented to the jury. The Supreme Court subsequently echoed this holding in *Shannon v. United States*, 512 U.S. 573 (1994), stating that the jury should not be informed of the potential consequences of its verdict where

it has no role in sentencing. The Seventh Circuit has subsequently reiterated this holding in *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997), noting that jurors should be instructed not to consider a defendant's potential sentence and should be told of neither maximum nor minimum potential sentences.

B. *Discussion*

The law on this point appears to be well settled in the Seventh Circuit and to clearly forbid instructing jurors as to potential sentences, absent some jury role in sentencing. The Court further notes that Powell has not opposed this motion. Accordingly, the Court grants the motion.

**II. Motion in Limine Regarding Defining Reasonable Doubt (Doc. 77)**

The United States seeks to prevent Powell from defining reasonable doubt for the jury (Doc. 77).

A. *Applicable Law*

The Seventh Circuit has previously held that it is improper for the court or the parties to attempt to define "reasonable doubt" for the jury. *See, e.g.*, *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988); *see also United States v. Hatfield*, 591 F.3d 945, 949 (7th Cir. 2010); *United States v. Bruce*, 109 F.3d 323, 329 (7th Cir. 1997). The pattern jury instructions for the Seventh Circuit recognize this long-standing holding, warning courts against defining "reasonable doubt" for the jury, or permitting parties to do so. Seventh Circuit Pattern Jury Instruction 1.04.

B. *Discussion*

The law on this point appears to be well settled in the Seventh Circuit and to prohibit definition of the term "reasonable doubt" by either the parties or the Court. The Court further notes that Powell has not opposed this motion. Accordingly, the Court grants the motion.

**III. Motions in Limine Regarding Powell's Criminal History and Character Evidence (Docs. 78, 119, and 122)**

The United States has given notice of its intent to introduce Powell's prior felony convictions for impeachment purposes pursuant to Federal Rule of Evidence 609 (Doc. 78).

Powell has responded with a Motion opposing introduction of two of the convictions that the United States wishes to use for impeachment purposes (Doc. 119). Powell also requests notice of and a description of any prior similar act, as well as any other evidence covered by Federal Rule of Evidence 404(b), which the United States seeks to introduce at trial, further requesting a statement of the United States' theory of admissibility as to each item of 404(b) evidence (Doc. 122).

A. *Applicable Law*

Federal Rule of Evidence 609 governs the admissibility of a witness's prior convictions for purposes of impeachment. That rule permits admission of a criminal defendant's prior felony convictions for impeachment, as long as the probative value of such evidence outweighs the prejudicial effect to the defendant. Fed. R. Evid. 609(a)(1)(B). This rule only applies, however, if less than ten years have elapsed from the date of the witness's conviction or release from confinement. Fed. R. Evid. 609(b). If more than ten years have passed, evidence of conviction will be admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent

gives the defendant reasonable written notice of intent to use the conviction so that the defendant may contest use of the conviction. *Id.*

The Seventh Circuit has prescribed a five-factor test for weighing the probative value of a conviction against it prejudicial effect, looking to:

(1) impeachment value of the prior crime;

(2) the point in time of the conviction and the defendant's subsequent history;

(3) the similarity between the past and the charged crimes;

(4) the importance of the defendant's testimony; and

(5) the centrality of the credibility issue.

*United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

The Seventh Circuit has favored admission of evidence of prior felony convictions where a defendant's testimony is of "utmost importance," noting that defendants put their own credibility at issue by testifying. *United States v. Toney*, 27 F.3d 1245, 1253 (7th Cir. 1994) (citing *United States v. Nururdin*, 8 F.3d 1187, 1191–92 (7th Cir. 1993)). The admission of similar offenses, however, is disfavored due to the possibility that the jury will see it as an indication of a propensity to commit crime, but that this can be overcome by other factors such as the importance of a defendant's credibility. *E.g., United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Furthermore, the prejudicial effect of prior convictions may be overcome by a limiting instruction to the jury as to the purposes for which such evidence may be used. *Nururdin*, 8 F.3d at 1192.

Aside from evidence of past convictions used for impeaching a witness, evidence of past bad acts more generally may be admissible under Federal Rule of Evidence 404, which governs admission of character evidence. Federal Rule of Evidence 404(b) provides that

evidence of past crimes or bad acts may be admissible for purposes including to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In order to present such evidence, Rule 404(b) requires that in a criminal case a prosecutor shall give the defense reasonable notice before trial of the general nature of such evidence that the prosecutor intends to offer at trial, unless the prosecutor has good cause for lack of pretrial notice.

B. *Discussion*

The United States has indicated that it intends to introduce the following prior felony convictions of Powell for purposes of impeachment:

1. A conviction for Possession with Intent to Distribute Cocaine Base on September 17, 2008, in E.D. Mo. case number 4:07-cr-00633-RWS.

2. A conviction for Possession with Intent to Distribute Cocaine on September 17, 2008, in E.D. Mo. case number 4:07-cr-00633-RWS.

3. A conviction for Possession of Controlled Substance on February 11, 2016, in the Circuit Court of St. Louis County, Missouri, in case number 13SL-CR11148-01.

The United States argues that these convictions are "relevant to a central issue in this case—whether the Defendant attempted to possess with intent to distribute the sham heroin on the date of his arrest" (Doc. 78).

Powell objects to the use of convictions 1 and 2, arguing that the mere resemblance of those past convictions to the present offenses charged does not indicate that their probative value outweighs the potential prejudicial effect of their introduction.

Looking to the five-factor test, the Court notes that these convictions have significant impeachment value, but to some extent duplicate the impeachment value of conviction 3. While Powell concedes that the convictions are within the ten-year time limit, they are at the

extreme edge of that range, and the underlying conduct that resulted in those convictions appears to have occurred in 2007. These convictions deal with conduct extremely similar to the charges in this case, and there is a real risk that a large number of similar convictions will lead the jury to make improper judgments as to Powell's propensity to commit crimes of this nature. However, Powell's credibility and intent, and in particular his testimony as to his intent, are central to this case. Accordingly, the Court finds that the probative value of this evidence outweighs its prejudicial effect. Evidence of convictions 1 and 2 is admissible for impeachment, with the appropriate jury instruction.

The Court further grants Powell's motion regarding 404(b) evidence—as required by that rule, the United States will give Powell pretrial notice of any further character evidence that it wishes to introduce, as well as a description and a theory of admissibility for each item of 404(b) evidence.

**IV. Motion in Limine to Admit Recordings (Doc. 82, 164)**

The United States seeks a pretrial order allowing admission of recorded phone calls between confidential informants and Defendants, with foundational testimony provided by law enforcement agents (Doc. 82, 164).

A. *Applicable Law*

The Seventh Circuit has previously held in *United States v. Gaytan*, 649 F.3d 573 (7th Cir. 2011), that recordings of conversations between a confidential source and defendants may be introduced through the foundational testimony of law enforcement agents, without calling the confidential source as a witness. In *Gaytan*, officers were not able to physically observe the source meeting with the defendant but rather heard the conversation contemporaneously through a transmitter. The Seventh Circuit held that an out-of-court

confidential source's statements could be admitted without violating the Confrontation Clause of the Sixth Amendment as they were not testimonial but rather to put the defendant's statements in context. *Gaytan*, 649 F.3d at 580. Similarly, the Seventh Circuit further held that it was acceptable for law enforcement agents to testify as to what they heard on recordings even without having personally witnessed the events—as long as officers truthfully stated that they had listened to the recordings contemporaneously without witnessing the events in person, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *Id.* at 581.

B. *Discussion*

The United States has indicated that it intends to use two recordings of calls between confidential sources and Powell. These calls were recorded using a software created by Callyo which records a call when an individual calls a specified number, while a law enforcement agent simultaneously receives a call from Callyo and can then listen contemporaneously or download a recording of the call at a later date. The United States has indicated that Special Agent Jenny Hemmings listened live to the calls between CS #2 and Powell on February 21 and 23, 2018, and that foundational testimony for other recorded calls can similarly be provided by other law enforcement agents. The United States has stated that it has provided Powell with copies of the relevant recordings. The United States further indicates that it will provide a proposed jury instruction on the limited purposes for which the recorded statements are offered and the permissible uses for such statements.

The facts as presented by the United States parallel those seen in the Seventh Circuit's decision in *Gaytan*: The statements of the confidential informant here are not offered as proof of the matter asserted, but rather to provide context for Powell's recorded remarks. Special

Agent Hemmings did not see the conversation take place, but listened contemporaneously and can offer useful foundation testimony. The Court notes that Powell has not opposed these Motions. Accordingly, the Court grants the Motions, finding the recordings admissible through the foundational testimony of law enforcement agents, with the appropriate jury instruction.

**V.      Motion in Limine on Recording of Powell's Post-Arrest Interview (Doc. 120)**

Powell seeks an order directing the United States to edit its recording of Powell's post-arrest interview so that the recorded comments of law enforcement agents regarding alleged crimes and bad acts of Powell and his criminal history will be excluded. Powell further argues that his silence during the interview should not be used as evidence against him.

A. *Applicable Law*

Under Federal Rule of Evidence 404, evidence of prior bad acts is not admissible as proof of a defendant's character or to show that on a particular occasion a person acted in accordance with that character, but may be admissible for specific purposes such as proving, motive, opportunity, intent, etc. In a criminal case, a prosecutor must provide reasonable notice before trial that it intends to introduce such evidence. *Id.* Evidence of a defendant's prior criminal conviction may be admissible for purposes of impeachment if the defendant testifies pursuant to Federal Rule of Evidence 602.

In *Berghuis v. Thompkins*, 560 U.S. 370 (2010), the Supreme Court held that mere silence does not invoke the right to remain silent under *Miranda v. Arizona*, 384 U.S. 436 (1966). Rather, one must affirmatively and unambiguously invoke the constitutional right to silence. *Berghuis*, 560 U.S. at 382. Three years later, the Supreme Court extended this holding in *Salinas v. Texas*, 570 U.S. 178 (2013), holding that a defendant's silence may be discussed as evidence

where defendant was not in custody, was never read his *Miranda* rights, and never explicitly invoked his constitutional right to silence.

B. *Discussion*

Here, the United States has already indicated its intent to use certain prior convictions in order to impeach Powell's testimony, and this Court has held *supra* that this use is permissible. To the extent that the discussion of bad acts in the recordings exceeds the convictions that have already been discussed, the United States must provide reasonable notice that it intends to use these bad acts for one of the permissible purposes discussed in Federal Rule of Evidence 404(b)(2). Absent notice to Powell and approval by the Court, discussion of such acts should be redacted from recordings before they are presented to the jury at trial to avoid prejudice.

Powell concedes that he did not unambiguously exercise his constitutional right to silence and has not indicated that he was not advised of his *Miranda* rights. Accordingly, pursuant to the Supreme Court's holding in *Salinas v. Texas*, his silence is not protected and may be used as evidence. Powell's request that the United States be directed not to use his silence is denied.

**VI. Motions in Limine to Preclude Evidence and Argument Relating to Inapplicable Defenses and Improper Arguments (Docs. 165, 166)**

The United States seeks an order prohibiting Powell from introducing evidence or argument relating to the defenses discussed in Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 and further prohibiting Powell from making any argument regarding jury nullification, including through insinuations of improper, unfair, or illegal government conduct.

A. *Applicable Law*

Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 respectively govern the application of the defenses of alibi, insanity, and public authority. These rules all require that a defendant must notify the government in writing of intent to argue such a defense within the time for a pretrial motion, or as required by the court. Courts have ruled that defendants must further set forth evidence to support such a defense. *See, e.g.*, *United States v. Bailey*, 444 U.S. 394, 415–17 (1980). Courts have further held that defendants may not present arguments urging jury nullification or which are calculated to produce jury nullification such as alleging "outrageous government conduct. *See, e.g.*, *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) (holding defendants may not present arguments on jury nullification); *United States v. White*, 519 F.3d 342, 346–47 (7th Cir. 2008) (noting that Seventh Circuit does not recognize defenses based on "outrageous government conduct" or "sentencing manipulation").

B. *Discussion*

The United States has stated that Powell has not provided notice of intent to use any of the defenses discussed in Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, and the Court further notes that Powell has not opposed this motion. Accordingly, the Court concludes that Powell may not present arguments related to those defenses absent pretrial notice. Furthermore, noting the clear precedent in the Seventh Circuit relating to jury nullification or which might be calculated to result in jury nullification, the Court orders that Powell may not present any arguments suggesting that investigators acted improperly, unfairly, or illegally by conducting a reverse buy operation, and Powell may not suggest that he was "set up," or "framed," or suggest any similar concepts.

For the reasons set forth above, the Court **GRANTS** the United States' Motions in Limine at Docs. 76, 77, 78, 82, 164, 165, and 166, **GRANTS** Powell's Motion in Limine at Doc. 122, **GRANTS** in part and **DENIES** in part Powell's Motion in Limine at Doc. 120, and **DENIES** Powell's Motion in Limine at Doc. 119.

**IT IS SO ORDERED.**

**DATED:** March 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**