IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>CARLOS R. POWELL,<br><br>                Defendant. | Case No. 3:18-CR-30042-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Amended Motion to Obtain Grand Jury Transcripts (Doc. 171) filed by Defendant Carlos R. Powell. Powell was charged by Superseding Indictment (Doc. 104) with one count of conspiracy to distribute and possess with intent to distribute heroin (Count I), one count of attempt to possess with intent to distribute heroin (Count II), and one count of possession of a firearm by a felon (Count III). Powell now seeks disclosure of the grand jury transcript pursuant to Rule 6(e)(3)(E)(1) of Federal Rules of Criminal Procedure.

Rule 6(e)(2) prohibits disclosure of "a matter occurring before the grand jury" except as otherwise provided for in the rules. FED. R. CRIM. P. 6(e)(2). Rule 6(e)(3)(E)(i) then provides that disclosure may be made when directed by a court in connection with a judicial proceeding. FED. R. CRIM. P. 6(e)(3)(E)(i).

There is a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681

(1958). Grand jury secrecy is maintained because "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *Id.* at 682. Thus, the U.S. Supreme Court has held that grand jury secrecy can only be broken where there is a showing of "particularized need." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979); *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987). Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the materials needed. *Hernly v. United States*, 832 F.2d 980, 985 (7th Cir. 1987). A district court has broad discretion in determining whether a petitioner has made a sufficient showing of particularized need. *Id.*

Here, Powell asserts that he should have access to the transcript of the grand jury proceedings for several reasons. First, he was charged with a conspiracy, which carries with it the inevitable risk of wrongful attribution of responsibility. Second, the United States used at least two confidential sources to procure evidence against Powell, and he "can only assume at this juncture that those confidential sources were part of the grand jury proceeding to obtain an indictment against" him. Powell claims that, without these witnesses' grand jury testimony, it is difficult for him to make an informed decision whether to attempt to compel the appearance and testimony of these individuals at trial. Third, Powell argues that the Government intends to call an expert on techniques and methods used by drug distributors and transporters. He claims he needs the transcript to

know all statements allegedly made to the grand jury so he can adequately prepare for the cross-examination of this expert. Finally, the United States has alleged that the amount involved in the conspiracy that was reasonably foreseeable to Powell was one kilogram or more of heroin. Given that his sentence will be affected by a finding in this regard, Powell argues that he must have access to all evidence relating to what was reasonably foreseeable to him.

In response, the Government argues that Powell has not met his burden of proof of establishing a "particularized need" for the grand jury testimony. First, it argues that the mere use of confidential sources who may or may not testify at trial does not justify piercing the grand jury's veil of secrecy. Furthermore, Powell's assumption that those confidential sources participated in the grand jury proceeding amounts to nothing more than unsupported speculation. Speculation, however, is not enough to constitute a particularized need. *See United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978). Finally, even if Powell were not merely speculating, the United States intends to comply with its obligations under the Jencks Act and *Brady v. Maryland*, and, thus, will turn over any exculpatory or impeachment evidence from the grand jury proceedings. Because Powell will already receive prior statements from trial witnesses along with exculpatory information, he has not shown a particularized need for any other information elicited in the grand jury.

The Court agrees with the Government that Powell has failed to demonstrate a particularized need sufficient to break the secrecy of the grand jury proceedings. If the Court were to allow Powell access to the transcript merely because he was charged with

a conspiracy, that would mean any defendant charged in a drug conspiracy could access grand jury testimony—thereby creating an exception that would swallow the rule. *Douglas Oil*, 441 U.S. at 222–23 (courts must consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries"). And Powell's mere speculation that the confidential informants participated in the grand jury proceeding is inadequate to meet the particularized need standard. *Edelson*, 581 F.2d at 1291–92; *United States v. Griggs*, No. 3:04-CR-71 JD, 2010 WL 4630841, at *3-4 (N.D. Ind. Nov. 3, 2010). The Court further rejects Powell's claim that he needs the transcript to prepare for cross-examination of the Government's expert witness and to discover evidence of the amount of heroin reasonably foreseeable to him, for "[g]rand jury testimony is not a substitute for proper discovery and should not be used as a panacea for improper, inadequate and untimely discovery." *Lucas v. Turner*, 725 F.2d 1095, 1106 (7th Cir. 1984).

In sum, the Court finds that Powell has not shown that the need for disclosure is greater than the need for continued secrecy. Even if he had, Powell has improperly requested the entire transcript rather than making a specific request for only the materials needed. For these reasons, Powell's motion (Doc. 171) is **DENIED**.

    **IT IS SO ORDERED.**
    **DATED: March 25, 2020**

                                        **NANCY J. ROSENSTENGEL**
                                        **Chief U.S. District Judge**