IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  **Plaintiff,**<br><br>v.<br><br>CARLOS POWELL,<br><br>                  **Defendant.** | Case No. 18-30042-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

      Defendant Carlos Powell and his co-defendant Cornell Thirdkill[1] were indicted by a federal grand jury on March 21, 2018 (Doc. 1).[2] The Indictment charged Powell with Conspiracy to Distribute, and Possess with Intent to Distribute, Controlled Substances (Count 1); Attempt to Possess with Intent to Distribute a Controlled Substance: Heroin (Count 2); and Possession of a Firearm by a Felon (Count 3). The Indictment also sought forfeiture of firearms, ammunition, and U.S. Currency. On June 28, 2018, the United States filed an Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851 (Doc. 40). Because Powell has two or more prior convictions for a felony drug offense, a conviction on Count One or Count Two of the Indictment will subject Powell to a mandatory term

---

[1] Powell's co-defendant pleaded guilty on November 15, 2019, and was sentenced in February 2020 to a 36-month term of imprisonment. Thirdkill has served that term and, on June 25, 2021, began a 2-year of supervised release.

[2] At the time, the case was assigned to District Judge Michael J. Reagan. The case was transferred to the undersigned in March 2019 following Judge Reagan's retirement.

of life imprisonment. *Id*.

A Superseding Indictment was returned on August 21, 2019 (Doc. 104), bringing the same charges but adding factual allegations in Counts 1 and 2 against Powell. That is, that before he committed the offenses alleged in the Superseding Indictment, Powell "was convicted of the offense of Possession with the Intent to Distribute Cocaine and Cocaine Base, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense." *Id*.

Powell is now represented by retained counsel, attorney Beau Brindley from Chicago; Brindley is the fourth attorney to represent Powell during the pendency of this case. He entered his appearance on August 12, 2020. (Doc. 191)

To date, there have been 21 continuances of the trial date. Some of those were requested by the co-defendant, some by Powell's counsel, and some caused by the pandemic. Notably, since attorney Brindley entered the case, there have been six continuances, and four of those were requested by Powell (two were due to the ongoing pandemic). On January 18, 2022, the Court scheduled the jury trial to begin on Tuesday, May 10, 2022. (Doc. 207). On April 13, 2022, Powell's counsel filed another motion to continue (Doc. 210).[3]

This latest motion, like several before it, cites attorney Brindley's unavailability for trial on the current date because of another trial commitment. Although at first blush it

---

[3] Although docketed as an "unopposed" motion to continue, the motion was, in fact, opposed the Government. The reference to "unopposed" appears to be a clerical error. (Docs. 211-213).

appears the conflict was created *after* the undersigned set the May 10 trial date, the Court understands that the case creating the conflict has been pending longer, the defendant has been detained longer, and the court where the case is pending (Cook County state court) is more congested because of the pandemic.

The undersigned held a telephone conference with counsel earlier this week. Following that conference, it was agreed that the case would be continued one last and final time—because to deny the continuance could mean that Powell would be denied his chosen counsel and be subject to even more delay.

Thus, finding that the ends of justice served by the continuance clearly outweigh the best interests of the public and Defendant Powell in a speedy trial in order to ensure Defendant Powell may continue with his retained counsel and avoid even further delays, the Court granted Defendant's motion (Doc. 210) and continued that trial to T**uesday, July 19, 2022**, a date that was approved by counsel after confirming their calendars and the availability of their witnesses. The period of delay resulting from this continuance is excludable and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h).

**This is a firm and final trial setting. No further continuances will be granted.**

IT IS SO ORDERED.

DATED:   April 22, 2022

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**